IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISCTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| PARKS, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Misc. Action No. 15-634 |
| TYSON FOODS, INC. and HILLSHIRE BRANDS COMPANY, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This is an action by Tyson Foods, Inc. and Hillshire Brands Company ("defendants") to enforce a third-party subpoena issued to Super Bakery, Inc. ("Super Bakery"). Defendants were sued by Parks, LLC ("Parks") for trademark infringement, and related causes of action, in the United States District Court for the Eastern District of Pennsylvania in February 2015. Parks. LLC v. Tyson Foods, Inc., et al., No. 15-946 (E.D. Pa.) (the "Eastern District Litigation"). Parks contends that it acquired common law trademark rights to the mark PARKS for use in connection with sausages and other processed meat products through licensing agreements with two companies: Dietz & Watson and Super Bakery. Eastern District Litigation, ECF No. 47 at 1-2. Super Bakery and Parks are owned by the same individuals. (Id. at 2.)

In the Eastern District Litigation, Parks moved for a preliminary injunction which, after briefing and an evidentiary hearing, was denied because the court concluded that Parks could not establish a reasonable likelihood of success on the merits. Eastern District Litigation,

ECF No. 47 at 29-31. Following issuance of the court's decision on that motion, defendants filed a motion to compel Parks to respond to its document requests and interrogatories, noting the impending September 15, 2015 discovery deadline and defendants' alleged wholesale refusal to respond to date. Eastern District Litigation, ECF No. 51-1 at 1. Documents attached to that motion reflect that counsel for Parks represented to that court that he was responsible for preparing responses and document productions for not only the discovery requests propounded to Parks, but also for the subpoenas issued to Dietz & Watson, and Super Bakery. Eastern District Litigation, ECF No. 51-2 at 78-81. Counsel for Parks and defendants sent five letters to that court between July 22 and 28, 2015 about Parks' alleged deficient responses to discovery requests and Dietz & Watson's and Super Bakery's alleged failure to respond to the subpoenas. The court held a hearing about these matters on July 28, 2015. Id. at 75-92; ECF No. 50. Several days after that hearing, defendants filed the motion to compel Parks' to respond to its discovery requests, which motion is pending. Eastern District Litigation, ECF No. 50. The instant action to compel Super Bakery to respond to its subpoena was filed several weeks later in this court.

Under the recently-amended Federal Rules of Civil Procedure subpoenas are issued from the court where the action is pending, and motions to enforce or excuse compliance with subpoenas are addressed to the court where compliance is required. FED.R.CIV.P. 45(a)(2). The rule permits the compliance court to "transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." FED.R.CIV.P. 45(f). The Advisory Committee notes provide some guidance as to when exceptional circumstances may be found:

> The prime concern should be avoiding burdens on local nonparties
> subject to subpoenas, and it should not be assumed that the issuing
> court is in a superior position to resolve subpoena-related motions.
> In some circumstances, however, transfer may be warranted in

2

> order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

FED.R.CIV.P. 45, advisory committee's note.

The subpoena directed to Super Bakery was issued from the United States District Court for the Eastern District of Pennsylvania, where the underlying Eastern District Litigation is pending. ECF No. 3 at 5. Compliance is required in this judicial district, making it proper for defendants to have filed their motion to compel compliance with the subpoena in this court. Id. This court finds, however, that exceptional circumstances warrant transferring this motion to the United States District Court for the Eastern District of Pennsylvania. FED.R.CIV.P. 45(f). The court reaches this conclusion based upon public filings made in this matter, and in the Eastern District Litigation. Responses from Parks or from Super Bakery, therefore, are not necessary under the circumstances. The interests of justice compel this court to act swiftly in order to ensure that the judge presiding over the Eastern District Litigation has the power to effectively and efficiently manage that matter and to enforce the deadlines it has established.

Transfer will not burden Super Bakery because counsel representing Parks in the Eastern District Litigation recently made representations to that court about Super Bakery's efforts to collect documents responsive to the subpoena placed at issue here. Eastern District Litigation, ECF No. 51-2 at 78-92. In addition, Super Bakery and Parks are owned by the same individuals and Parks is relying upon the use made by its two licensees, one of which is Super Bakery, to establish the common law trademark rights that it seeks to enforce by way of that

lawsuit. Eastern District Litigation, ECF No. 47 at 2 & n.1. Although Super Bakery is not a named party in the Eastern District Litigation, it is by no means a stranger to that matter, and will not be burdened by continuing to participate in proceedings in that court about the subject subpoena.

Any possible burden on Super Bakery by being required to respond to the motion to compel compliance with the subpoena in the Eastern District of Pennsylvania is outweighed by the risk that proceedings in this court would disrupt the issuing court's management of the underlying litigation or be inconsistent with that court's rulings on the same, or similar issues. Filings on the docket of the Eastern District Litigation indicate that the judge presiding over this matter intends to strictly enforce a September 15, 2015 discovery cut-off date. Eastern District Litigation, ECF No. 51-1 at 1. A motion to compel Parks to respond to defendants' discovery requests is pending in that court and the court held a conference regarding various discovery disputes, including Super Bakery's failure to comply with the instant subpoena, on July 28, 2015. Eastern District Litigation, ECF Nos. 50, 51-2 at 91-92. The Eastern District is not only generally familiar with the facts and circumstances of this case due to the preliminary injunction proceedings that took place there, it is specifically familiar with the precise discovery dispute raised by defendant's instant action to compel Super Bakery to comply with the subpoena. That court's familiarity, and the risk that this court will reach a ruling that is inconsistent with the Eastern District's ruling on already pending discovery motions, are exceptional circumstances that warrant transfer of this matter to that court. Moon Mountain Farms, LLC v. Rural Community Insur. Comp., 301 F.R.D. 426, 429-30 (N.D. Cal. 2014).

For the foregoing reasons, this matter will be transferred to the United States District Court for the Eastern District of Pennsylvania for adjudication by the judge presiding over the matter captioned <u>Parks, LLC v. Tyson Foods, Inc. and Hillshire Brands Company</u>, 5:15-cv-946.  An appropriate order will be filed contemporaneously with this opinion.

August 20, 2015                                          BY THE COURT:

                                                                          /s/ *Joy Flowers Conti*
                                                                          Joy Flowers Conti
                                                                          Chief U.S. District Judge